UNITED STATES of America ex rel. TENNESSEE VALLEY AUTHORITY, Plaintiff,

v.

ROAD EASEMENT, etc., IN COFFEE COUNTY, TENNESSEE and Charles L. Miller, et al., Defendants.

No. CIV–4–74–24.

United States District Court, E. D. Tennessee, Winchester Division.

March 23, 1976.

Herbert S. Sanger, Jr., Gen. Counsel, Charles A. Wagner, III, and Don Whitehead, Tennessee Valley Authority, Knoxville, Tenn., for plaintiff.

Robert L. Huskey, Manchester, Tenn., and Doyle E. Richardson, Tullahoma, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

■ This is a proceeding for the condemnation of real estate and rights therein for the Normandy dam and reservoir project of the relator the Tennessee Valley Authority. 16 U.S.C. §§ 831–831dd. The plaintiff first took an easement and right-of-way for roadway purposes in 4.7 acres of land in Coffee County, Tennessee, see order herein of July 2, 1974. The plaintiff then took an additional easement and right-of-way for roadway purposes in 3.03 acres, as well as a fee simple interest in 66 acres of land, see order herein of May 28, 1975. Finally, the plaintiff took an additional easement and right-of-way in 9.43 acres, see order herein of February 11, 1976.

Although further proceedings in the form of a pretrial conference herein were delayed by agreement of counsel for the relator and former counsel for the landowners herein to allow consideration simultaneously of the aggregation of the takings, the plaintiff was authorized to thus amend its takings so as to take more property after such earlier taking. Rule 71A(f), Federal Rules of Civil Procedure; *United States v. 70.39 Acres of Land*, D.C.Cal. (1958), 164 F.Supp. 451, 470–471[14]; *accord: Carlstrom v. United States*, C.A. 9th (1960), 275 F.2d 802, 806[1], and *United States v. Certain Space in Rand McNally Building* (dictum) C.A. 7th (1961), 295 F.2d 381, 382.

In 13 full pages of an answer to the complaint herein, the landowners Mr. and Mrs. Miller contended also that 14 acres of the taking was unnecessary for the project involved and therefore arbitrary and capricious. They conceded, as they must, *United States v. 544 Acres of Land, Etc., Franklin*

*Co., Tenn.*, D.C.Tenn. (1969), 314 F.Supp. 273, 274[1, 2], that the plaintiff was authorized to take the land necessary for carrying out the Normandy project; but they insisted that more land than necessary was taken herein.

The plaintiff took this disputed acreage for the purpose of reservoir and shoreline protection for its Normandy project. Once the Congress had approved the Normandy dam and reservoir project, " * * * the taking for any purpose associated with that project was an authorized purpose * * * ". *United States v. 2,606.84 Acres of Land in Tarrant Co., Tex.*, C.A. 5th (1970), 432 F.2d 1286, 1290[3], certiorari denied (1971), 402 U.S. 916, 91 S.Ct. 1368, 28 L.Ed.2d 1658, rehearing denied (1971), 403 U.S. 912, 91 S.Ct. 2003, 29 L.Ed.2d 690. The allegation of the landowners that the officials authorized by the Congress to select the lands necessary to be taken for public use acted in bad faith and arbitrarily and capriciously in making the selection does not transmute the legislative question involved into a judicial question. *United States v. Mischke*, C.A. 8th (1961), 285 F.2d 628, 631.

The landowners complain also that the relator acted in bad faith in failing to grant them a full administrative hearing prior to condemnation, which deprived them of due process of law. There is no merit to this assertion. A hearing on the taking of private property for an intended public use is not essential to due process under the Constitution, Fifth Amendment, Due Process Clause. *Cf. Bragg v. Weaver* (1919), 251 U.S. 57, 58–59, 40 S.Ct. 62, 64 L.Ed. 135, 137 (headnote 1), (with reference to a taking by a state agency under the Constitution, Fourteenth Amendment, Due Process Clause). The landowners will have due process by the determination of how much they are to be compensated for the taking of their particular property and rights therein. *United States v. Carmack* (1946), 329 U.S. 230, 247, 67 S.Ct. 252, 91 L.Ed. 209, 220, cited in *Trager v. Peabody Redevelopment Authority*, D.C.Mass. (1973), 367 F.Supp. 1000, 1002–1003[5]; *Berman v. Par-*

*ker* (1954), 348 U.S. 26, 35–36, 75 S.Ct. 98, 99 L.Ed. 27, 39 (headnote 14).

Finally, the landowners asserted that the relator discriminated against them and in favor of a competing realtor in violation of the Constitution, Fourteenth Amendment, Equal Protection Clause, and thereby deprived Mr. Miller of his right to compete with such other realtor. There again, the relator was authorized to acquire such lands, easements and rights-of-way which, in its opinion, were necessary to be taken. 16 U.S.C. § 831x. " * * * [T]he sovereign must pay only for what it takes, not for opportunities which the owner may lose. * * * " *United States Ex Rel. T. V. A. v. Powelson* (1942), 319 U.S. 266, 282, 63 S.Ct. 1047, 1056, 87 L.Ed. 1390, 1401 (headnote 9).

The landowners asserted in their brief that this Court should ignore these and other legal authorities and conclude that " * * * the law is wrong * * * " and " * * * correct that situation * * * ". There is no occasion presented here for this Court to deviate from the policy of stare decisis. As has been stated:

A court may deviate from a precedent for various reasons. Paramount among these is that obvious errors should not be perpetuated by strict adherence to precedent. A precedent should not be followed where the principle of law established by it appears unreasonable, or has become an anachronism because of the changed conditions of life. The policy of adhering to precedent should be deviated from where adherence to precedent is likely to be of greater mischief to the community than can possibly result from disregarding stare decisis in a particular case. And of course, a precedent will be deviated from where in a subsequent case it is held to be inconsistent with a constitutional provision. * * * [Footnote reference omitted.]

20 Am.Jur.(2d) 523, Courts, § 187. None of these exceptional circumstances are presented herein. The principles which this Court follows herein " * * * have been followed uniformly. * * * " *United*

*States v. 544 Acres of Land, Etc., Franklin Co., Tenn., supra,* 314 F.Supp. at 274. This Court declines the landowners' invitation to unsettle these things which are established.

Accordingly, the motion of the relator for a judgment on the pleadings, Rule 12(c), Federal Rules of Civil Procedure, hereby is GRANTED as to all issues herein, except the issue of the amount of just compensation to which the landowners are entitled for the takings of their land and rights therein.

## MEMORANDUM OPINION AND ORDER

### ON MOTION FOR INTEREST

■ This is an eminent domain proceeding for the condemnation of rights in real estate for public purposes by the United States, acting through the relator-public corporation. 16 U.S.C. §§ 831–831dd. Respective declarations of the taking of such rights were filed on July 2, 1974, May 28, 1975, and February 11, 1976. In each respective instance, the relator paid into the registry of this Court its estimate of the compensation to be paid to the landowners for such respective takings, and each amount thus deposited was withdrawn from such registry and paid to the landowners by orders of this Court. An aggregate of $32,050 was thus paid into the Court's registry.

The relator and landowners gave notice on June 25, 1976 that they had compromised and settled the issue of just compensation herein for the amount of $32,050. The landowners then moved to include in the final judgment herein as part of the just compensation agreed upon by the parties interest at the rate of 6% per annum on the amount agreed upon as the value of the aforesaid properties as of the respective dates of taking from the respective dates of taking to the date of such final judgment. That motion is patently devoid of any merit whatsoever and borders on the frivolous.

When real estate is condemned by the national sovereign for public use, a declaration of its taking is filed and the amount of the estimated compensation therefor is deposited with the Court. 40 U.S.C. § 258a.

Right to compensation for such taking then vests in the person(s) entitled thereto and is ascertained and established by judgment in the eminent domain proceeding. *Idem.* " * * * [T]he said judgment shall include, as part of the just compensation awarded, interest at the rate of six per centum per annum on the amount finally awarded as the value of the property as of the date of taking, from said date to the date of payment; but *interest shall not be allowed on so much thereof as shall have been paid into the court.* [Emphases added.] * * * " *Idem.* " * * * The purpose of the statute is * * * to relieve it [the federal government] of the burden of interest accruing on the sum deposited from the date of taking to the date of judgment in the eminent domain proceeding. * * " *United States v. Miller* (1943), 317 U.S. 369, 381, 63 S.Ct. 276, 283, 87 L.Ed. 336, 346–347.

The motion of the landowners, for such reason, hereby is

DENIED.