**UNITED STATES of America for the Use and Benefit of TENNESSEE VALLEY AUTHORITY**

v.

**R. S. STEWART et ux.**

**UNITED STATES of America for the Use and Benefit of TENNESSEE VALLEY AUTHORITY**

v.

**Robert S. STEWART, Individually and as conservator of the Estate of Locke Stewart, *non compos mentis*.**

**Nos. CIV–1–75–276, CIV–1–76–14.**

United States District Court, E. D. Tennessee, S. D.

July 19, 1976.

Herbert S. Sanger, Jr., General Counsel, Charles W. Van Beke, Asst. General Counsel, and Beverly Burbage, Knoxville, Tenn., for plaintiff Tennessee Valley Authority.

Charles J. Gearhiser, Gearhiser, Carpenter & Peters, Chattanooga, Tenn., J. Dudley Culvahouse, Decatur, Tenn., for defendants.

## MEMORANDUM AND ORDER

FRANK W. WILSON, Chief Judge.

This is a condemnation proceeding, jurisdiction of the Court being invoked under 16 U.S.C. § 831x, and is not in dispute. The above entitled cases have been joined for trial and are presently before the Court upon a motion to intervene in CIV–1–76–14, filed by Robert S. Stewart and Doris Stewart, supported by affidavit, a motion to consolidate in CIV–1–75–276, supported by brief, and upon the plaintiff's brief in opposition.

The relevant facts as they appear in the record are undisputed and establish the following: The plaintiff seeks to condemn a perpetual easement and right-of-way to construct a power line across the property of the defendants. That property was treated as two independent parcels by the plaintiff for the purposes of assessing compensation for the taking. The parcel affected in CIV–1–76–14 is a tract of some 388.5 acres owned by Robert S. Stewart and Locke Stewart as tenants in common, Robert Stewart having been appointed conservator for the estate of his brother, Locke (Tract # 1). In CIV–1–75–276, affected is a parcel of some 125 acres owned by Robert S. Stewart, individually, in fee (Tract # 2). A third parcel of some 40 acres, upon which no easement is sought by the plaintiffs, is owned by Robert Stewart and Doris Stewart as tenants by the entireties (Tract # 3). All three tracts are used by Robert and Doris Stewart as a farm, tract # 1 lying between tracts # 2 and # 3, thereby making the acreage contiguous.

The defendant, Robert S. Stewart, contends that because of the common use to which the two tracts subject to these proceedings are being put, and because of the similarity of his ownership interest, the award of compensation should be based upon tracts # 1 and # 2 taken together. Secondly, Robert S. Stewart and Doris Stewart seek to intervene in the consolidated proceedings in order that the three tracts be treated as one for the purpose of a condemnation award, and, consequently in order that any collateral harm to tract # 3 caused by the takings be compensated.

In its opposing brief, the plaintiff does not dispute the defendants' allegations that

the parcels are being used together as one farm, or that they are contiguous.[1] Instead it emphasizes that there being absent a unity of title or quality of title, the properties subject to these two lawsuits must be separately considered.

A collateral issue is raised by the plaintiff, namely should the three tracts be treated as one it would be impossible to prevent Doris Stewart from being enriched at the expense of Locke Stewart as to tract # 3, or to prevent Robert Stewart from being enriched at the expense of Locke Stewart as to tract # 1. This contention, however, is directed more to the difficulty of assessing damages than to the issue of unity of title.

 Two points of law in this dispute are well established and are not contested by the parties. First, where one parcel of land is condemned, incidental damage to separate parcels of land is not compensable. *United States v. Miller*, 317 U.S. 369, 376, 63 S.Ct. 276, 281, 87 L.Ed. 336, 344 (1943). Secondly, where only a part of a tract of land is taken, an element of recoverable damages is the decreased value of the remainder of that one tract caused by the taking. Whether this element is denoted severance damage or depreciation is unimportant to the issues in this case. *See, United States v. Virginia Electric & Power Co.*, 365 U.S. 624, 628, 81 S.Ct. 784, 788, 5 L.Ed.2d 838, 844 (1961); *United States v. 765.56 Acres of Land*, 174 F.Supp. 1, 14 (E.D.N.Y.1961). The central issue is whether any two or all three of tracts # 1–3 may be considered as one unit for the purposes of determining compensation, and this issue depends upon whether the requisite "unity of title" exists with respect to the tracts.[2] *See, generally*, Anno., 95 A.L.R.2d 887.

It is apparent that Locke Stewart, co-tenant in tract # 1, has no property interest in tracts # 2 or # 3. And Doris Stewart, having an interest in tract # 3 as tenant by the entireties, has no present property interest in tracts # 1 or # 2.[3] In such an instance,

> ". . . where different tracts are involved, owned by different persons, and the improvement touches or affects only one tract, it would be wholly inequitable to allow other parties owning . . . different tracts to attach their land to the tract through which the improvement runs and thereby secure damages to which they are not entitled; or thereby share in the damages suffered by the tract of land through which the improvement runs."

*Duggan v. State*, 214 Iowa 230, 242 N.W. 98 (1932), *quoted* in Anno., 95 A.L.R.2d 887, 898. *Accord, Tillman v. Lewisburg & N. R. R.*, 133 Tenn. 554, 182 S.W. 597 (1916).[4]

 So far as Robert S. Stewart and Locke Stewart have property interests in the land which is subject to the easement, they will be compensated. However, so far as Locke Stewart and Doris Stewart do not have property interests, there is no basis for their sharing in an award. In any condemnation, incidental injury may be caused to adjoining property owners which must be

---

1. The plaintiff has pointed out that all of tract # 3 as well as the portion of tract # 1 adjacent thereto is separated from the remainder of tract # 1 and from # 2 by a highway. However, its objection to consolidation rests upon the problem of unity of title.

2. The Court need not decide whether the common ownership must in addition be in fee simple absolute as held in *United States v. Honolulu Plantation Co.*, 182 F.2d 172 (9th Cir. 1950). It would appear that a common owner of interests less than a fee simple in abutting properties might be able to recover depreciation. *See, United States v. 26.81 Acres of Land*, 244 F.Supp. 831 (W.D.Ark.1965) (subservient mineral estates).

3. The defendant, Robert Stewart, contends that his common thread of ownership in the three parcels should overcome the fact that the properties are held by additional parties and that there are three different legal estates—fee simple, cotenancy and tenancy by the entirety. Apparently, the defendant in this respect is also relying upon his familial relationship to the other owners, a consideration not relevant to this analysis. *See, United States v. 87.30 Acres of Land*, 430 F.2d 1130 (9th Cir. 1970) (father-son).

4. In both *Duggan v. State* and *Tillman v. Lewisburg & N. R. R.*, the defendant owned a parcel in fee which abutted condemned property in which the defendant was co-tenant.

suffered without remedy. *Campbell v. United States*, 266 U.S. 368, 45 S.Ct. 115, 69 L.Ed. 328 (1924). The rule that such adjoining parcels may be considered as a unit with that affected by the condemnation where there is common ownership is, however, not merely one of equity.

■ Upon the acquisition of tract # 3 by Doris and Robert Stewart, no additional property interest in tract # 1 held by Robert and Locke Stewart was thereby acquired which would require compensation under the Fifth Amendment. *Cf., United States v. Honolulu Plantation Co.*, 182 F.2d 172, 175 (9th Cir. 1950). Similarly, Robert Stewart's acquisition of tract # 2 gave him no compensable property interest in tract # 1.

It may well be that these separate parcels became more valuable to the defendants when used as one farm. Had they been held in a common ownership, that increased value would inure to the whole and any loss thereof would be compensable to the whole. What the defendants and intervenors demand, however, is quite different. For whatever reason, they have treated the three tracts as independent with regard to the ownership interests held therein. Compensation is sought not for incidental losses to the tracts taken as a whole, but consistent with the separate ownership interests, for incidental losses to each tract.[5]

■ State court cases, cited by the parties, are relevant, but so far as they turn on interpretation of state statutes they are not controlling. *Cf., LaPrade v. Carrow*, 57 Ariz. 429, 114 P.2d 891 (1941), *quoted in*, Anno., 95 A.L.R.2d at 899.[6]

It is accordingly ORDERED that the defendants' motion to consolidate be denied. It is further ORDERED that the motion to intervene be denied.

APPROVED FOR ENTRY.

---

**5.** *See, United States v. 287.89 Acres of Land*, 241 F.Supp. 464, 468 (W.D.Pa.1965) (depreciation of entire "estate" where there is unity of ownership).

**6.** Local law may be consulted to determine whether a person has a compensable interest,

---

*United States v. 12.75 Acres of Land*, 95 F.Supp. 998 (E.D.Tenn.1951), but is not controlling. *United States ex rel. T.V.A. v. Powelson*, 319 U.S. 266, 63 S.Ct. 1047, 87 L.Ed. 1390 (1943). *See, generally*, Anno., 1 A.L.R. Fed. 479.