**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY, a body
corporate,
Plaintiff-Appellee,

v.

JULIUS FLEISCHMAN,

No. 96-1868

Defendant-Appellant,

and

ONE PARCEL OF LAND IN PRINCE
GEORGE'S COUNTY, MARYLAND;
UNKNOWN OWNERS,
Defendants.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Williams, Jr., District Judge.
(CA-95-2423)

Submitted: March 31, 1997

Decided: May 8, 1997

Before ERVIN, WILKINS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Theda Braddock, ZANECKI BRADDOCK & SILBER, P.C., Green-
belt, Maryland, for Appellant. Lois J. Schiffer, Assistant Attorney

General, Lynne A. Battaglia, United States Attorney, David C. Shilton, Michael K. Baker, Douglas R. Wright, Robert H. Oakley, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Julius Fleischman owned a parcel of property in suburban Washington, D.C. The Washington Metropolitan Area Transit Authority ("WMATA") filed a condemnation action against a portion of the property for use in the construction of a new station for its Metro rail system. Fleischman filed an amended answer raising five affirmative defenses. WMATA filed a motion to strike all five affirmative defenses, and Fleischman filed a cross-motion for injunctive relief. After conducting a de novo review, the district court adopted the magistrate judge's recommendation that WMATA's motion be granted and Fleischman's be denied. On appeal, Fleischman challenges the striking of his affirmative defense asserting that inadequacies in an environmental impact statement ("EIS") rendered the condemnation action arbitrary and capricious, causing the condemnation to lack a public purpose. Finding no reversible error, we affirm the order of the district court.

It is undisputed that this court reviews a condemnation proceeding only to determine whether the purpose for which the property was condemned was for a congressionally authorized public use. United States ex rel. Tenn. Valley Auth. v. Welch, 327 U.S. 546, 551-52 (1946). Here, the purpose of the condemnation was to secure property for the building of parking facilities for a new Metro rail station, and we find that this satisfies the requirements in Welch.

2

We find that Fleischman's assertion that failure to prepare an adequate EIS causes WMATA's action to exceed its congressional authority to be without merit. The National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4332(2)(C) (1994), requires all federal agencies to prepare an EIS addressing the impact on the quality of the human environment prior to embarking on any major project. Failure to prepare an EIS is not an affirmative defense to a condemnation action. United States v. 178.15 Acres of Land , 543 F.2d 1391 (4th Cir. 1976); see also United States v. 0.95 Acres of Land, 994 F.2d 696, 699 (9th Cir. 1993); United States v. 255.25 Acres of Land, 553 F.2d 571, 572 n.2 (8th Cir. 1977). We adopt the reasoning in 0.95 Acres of Land that a condemnation action is merely a transfer of legal title with no environmental impact. Id. at 699.

We therefore affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3