UNITED STATES of America upon the Relation and FOR the USE AND BENEFIT OF the TENNESSEE VALLEY AUTHORITY, Plaintiff,

v.

TREE–REMOVAL RIGHTS WITH RE-SPECT TO LAND IN GORDON COUNTY, GEORGIA, and Pamela Hobgood Duckworth, Defendants.

CIVIL ACTION FILE NO.:
4:16–CV–0340–HLM

United States District Court,
N.D. Georgia, Rome Division.

Signed 04/12/2017

Philip J. Pfeifer, James S. Chase, Lamont A. Belk, Office of the General Counsel, Knoxville, TN, for Plaintiff.

William Akers Neel, Jr., Neel Law Firm, Cartersville, GA, for Defendant.

## ORDER

Harold L. Murphy, SENIOR UNITED STATES DISTRICT JUDGE

This case is before the Court on the Motion for Judgment on the Pleadings [23] filed by Plaintiff United States of America upon the relation and for the use and benefit of the Tennessee Valley Authority (the "United States").

## I. Background

On November 17, 2016, the United States filed this action. (Compl. (Docket Entry No. 1).) The United States filed the action "for the taking of tree-removal rights under the power of eminent domain and for the ascertainment and award of just compensation to the owners and parties in interest." (Id. ¶ 1.) The United States cites as authority the Tennessee Valley Authority Act of 1933, as amended, 16 U.S.C. §§ 831–831ee. (Id. ¶ 2.) The United States alleges that "[t]he public use for which the tree-removal rights are taken is for the erection, operation, and maintenance of electric power transmission cir-

cuits and communication circuits." (Id. ¶ 3.) The United States seeks to acquire tree-removal rights on property in which Defendant Pamela Hobgood Duckworth ("Defendant Duckworth") has an interest (the "Defendant Propetry"). (Id. ¶¶ 5–6.)

Defendant Duckworth filed an Answer and Amended Answer to the Complaint. (Answer (Docket Entry No. 10); Am. Answer (Docket Entry No. 11).) The Parties stipulated, as part of their Joint Preliminary Report and Discovery Plan, that: (1) the electric power transmission line at issue will be built on properties adjoining Defendant Duckworth's property; (2) Defendant Duckworth wholly owns certain parcels of property, including Tax Map Parcels 23.026A (1 acre), 23.026 (20.54 acres), and 23.028 (20 acres); (3) under rights acquired in this proceeding, the United States has the right to cut and dispose of trees which, in falling from Parcel 23.028, could come within ten feet of any transmission line structure or conductor built on a property to the south, within the 150–foot wide transmission line right of way that Plaintiff acquired in another action; (3) Defendant Duckworth and her father, James Hobgood, each hold an undivided ½ interest in fee simple for each of Tax Map Parcels 33.108, 33.132, 33.134, and 33.142; (4) the United States acquired no rights with respect to Tax Map Parcels 33.108, 33.132, or 33.134, but acquired tree clearing rights along the northeast border of Tax Map Parcel 33.142 in another action, United States ex rel. TVA v. Hobgood, Civil Action File No. 4.16–CV–0339–HLM; and (5) in this proceeding, Defendant Duckworth is entitled to just compensation as a result of the rights taken in property wholly owned by her where clearing rights were acquired, Tax Map Parcel 23.028. (Jt. Prelim. Report (Docket Entry No. 14) ¶ 1.) Defendant Duckworth contended that she was entitled to just com-

pensation for adverse effects on the non-contiguous properties in which she owns a partial interest. (Id.)

On March 21, 2017, the United States filed its Motion for Judgment on the Pleadings. (Mot. J. Pleadings (Docket Entry No. 23) at 3.) Defendant Duckworth responded to that Motion, noting that she had "already withdrawn all of her Objections and Defenses set forth in her Amended Answer, except to the extent any of the Objections or Defenses may pertain to the issues of just compensation." (Br. Resp. Mot. J. Pleadings (Docket Entry No. 25-1) at 2.) Defendant further noted that she was "not making a Constitutional Challenge to the Taking," and stated that she agreed with the United States "that the property rights acquired by the [United States] are for a Public Use, that Federal Taking is not preempted by the Georgia Constitution, and that [Defendant Duckworth] is entitled to Just Compensation." (Id.) Defendant Duckworth, however, contended "that with respect to the issues of just compensation, a potential situation could arise where the federal law of eminent domain is wholly silent as to some specific matter of just compensation." (Id.) Defendant Duckworth also conceded, "for this action only, that she is not entitled to just compensation for adverse effects to non-contiguous properties which are owned jointly by her and her father." (Id. at 3.) Defendant Duckworth further withdrew Contention 1.(b)(2)(iii) of the Joint Preliminary Report and Discovery Plan. (Id.) The Court appreciates Defendant Duckworth's response, but enters an Order resolving the arguments raised by the United States in its Motion for the sake of a complete record.

The briefing process for the Motion for Judgment on the Pleadings is complete. The Court therefore finds that the matter is ripe for resolution.

## II. Standard Governing a Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides for motions for judgment on the pleadings. Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Perez v. Wells Fargo, N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (internal quotation marks and citation omitted). When considering a motion for judgment on the pleadings, the Court accepts "as true all allegations in the complaint and construe[s] them in the light most favorable to the nonmoving party." In re Northlake Foods, Inc., 715 F.3d 1251, 1255 (11th Cir. 2013). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." Perez, 774 F.3d at 1335.

## III. Discussion

The United States argues that certain objections and defenses raised by Defendant Duckworth, as well as Defendant Duckworth's claims for compensation for adverse effects on non-contiguous properties in which she owns a partial interest, fail as a matter of law. The Court addresses the United States' arguments in turn.

### A. Fourth Defense

██ In her Fourth Defense, Defendant Duckworth argued: "To the extent [Plaintiff] may claim that any part of FRCP Rule 71.1 is a complete or partial preemption of property rights guaranteed by the United States Constitution and/or the Georgia Constitution, such claim(s) are barred by the United States Constitution and/or the Georgia Constitution." (Am. Answer § III, Fourth Defense.) It appears that Defendant Duckworth has withdrawn

this defense. (Br. Resp. Mot. J. Pleadings at 2–3.) In any event, this defense fails as a matter of law.

In a previous TVA condemnation action, the Court observed:

" 'The only question for judicial review in a condemnation proceeding is whether the purpose for which the property was taken is for a Congressionally authorized public use.' " United States v. 0.95 Acres of Land, 994 F.2d 696, 698 (9th Cir. 1993) (quoting United States v. 416.81 Acres of Land, 514 F.2d 627, 631 (1975)). Thus, as long as the taking is for an authorized public use, the Court has no jurisdiction to review the agency determination as to the parcels of land necessary to the project. Id.

The TVA Act: (1) expressly authorizes Plaintiff [TVA] to condemn property that [the United States] deems necessary for carrying out the purposes of the Act; (2) authorizes Plaintiff [TVA] to take title to the property condemned in the name of the United States; and (3) entrusts all property condemned to Plaintiff [TVA], as the agent of the United States, to accomplish the purposes of the Act. 16 U.S.C.A. §§ 831c(h), 831c(i), 831x. The TVA Act specifically grants Plaintiff [TVA] "the power to acquire real estate for the construction of transmission lines." United States ex rel. Tenn. Valley Auth. v. An Easement & Right-of-Way Over 1.8 Acres of Land, 682 F.Supp. 353, 356 (M.D. Tenn. 1988). The TVA Act thus grants Plaintiff [TVA] the authority to condemn Defendants' property to carry out the purposes of the Act. Id.

The TVA Act "is to be liberally construed to carry out Congress' purposes." An Easement & Right-of-Way Over 1.8 Acres of Land, 682 F.Supp. at 356. "It is the function of Congress to decide what type of taking is for a public use, and [ ]

the agency authorized to do the taking may do so to the full extent of its statutory authority." Id.

"It is for the administrative agencies vested with the power to acquire property by condemnation, and not for the courts, to decide what properties are needed to accomplish statutory or public purposes." Ill. Cent. R. Co. v. Tenn. Val. Auth., 445 F.2d 308, 313 (6th Cir. 1971). "A taking by condemnation is for a public purpose if 'Congress authorized the Authority to acquire, hold, and use the lands to carry out the purposes of the T.V.A. Act.' " Id. (quoting United States ex rel. Tenn. Valley Auth. v. Welch, 327 U.S. 546, 552, 66 S.Ct. 715, 90 L.Ed. 843 (1946)). "Once Congress has defined a public use, its decision is entitled to great deference." An Easement & Right-of-Way Over 1.8 Acres of Land, 682 F.Supp. at 356.

U.S. ex. rel. TVA v. Easements & Rights of-Way Over a Total of 15.69 Acres of Land, 589 F.Supp.2d 1349, 1359–60 (N.D.Ga. 2008).). In short, because the Constitution and Congress have authorized the United States, on behalf of the TVA, to acquire property rights using the procedures set forth in Federal Rule of Civil Procedure 71.1, those procedures are constitutionally proper, and this defense fails as a matter of law.

■ Further, restrictions that the Georgia Constitution might place on such takings do not apply in this case, which involves the federal government's power of eminent domain. United States ex rel. TVA v. Powelson, 319 U.S. 266, 279, 63 S.Ct. 1047, 87 L.Ed. 1390 (1943) ("The right of the United States to exercise the power of eminent domain is 'complete in itself' and 'can neither be enlarged nor diminished by a State.' " (quoting Kohl v. United States, 91 U.S. 367, 374, 23 L.Ed. 449 (1875)). Thus, Defendant Duckworth's

challenge based on the Georgia Constitution fails as a matter of law.

In sum, the Court finds that the Fourth Defense fails as a matter of law. The Court therefore grants this portion of the Motion for Judgment on the Pleadings.

### B. Objection (d)

█ In her Amended Answer, Defendant Duckworth objects to the proposed taking, stating:

> TVA has provided no information to show what specific trees will be cut or trimmed, the actual necessity for such cutting, the degree of cutting, the frequency of cutting, nor the use of or effect upon the property of the Defendant and other property of the Defendant. As a result, it is not possible for the Defendant to determine the full nature of the taking.

(Am. Answer § II, ¶ (d).) The Complaint and the Declaration of Taking, however, provide the required description of the land and statement of interest taken. (Compl. Attach. 1 (Docket Entry No. 1–1); Decl. of Taking (Docket Entry No. 3).) The United States identified the location of the electric power transmission line on adjacent properties, and provided a plan drawing showing the area along the southern border of the Defendant Property where trees can be cleared, as well as the transmission line that will be protected by the clearing of trees. (Decl. of Taking Attach. 1 (Docket Entry No. 3–1); id. Attach. 2 (Docket Entry No. 3–2).) The United States explained that its rights "consist[ed] of the perpetual right to remove, cut down, destroy, and/or otherwise dispose of any trees which in falling could come within ten feet of any transmission line structure or conductor (including structures and conductors being on and over adjacent land)."

(Id. Attach. 1.) The taking of tree-cutting rights in connection with an easement and right-of-way, including using such a description as the one provided by the United States in this action, is authorized under federal law. United States ex rel. TVA v. Russell, 87 F.Supp. 386, 388 (E.D. Tenn. 1948) (rejecting argument that tree-cutting provision in condemnation notice was impermissibly vague, indefinite, and uncertain); see also United States ex rel. TVA v. An Easement & Right of Way 150 Feet Wide and 582.4 Feet Long, 182 F.Supp. 899, 904 (M.D. Tenn. 1960) (interpreting danger tree provision). Objection (d) therefore fails as a matter of law, and the Court grants the Motion for Judgment on the Pleadings as to this Objection.

### C. Objection (c) and the Third and Fifth Defenses

█ In the Amended Answer, Defendant Duckworth objects to the taking, arguing that "TVA has failed to offer fair and adequate compensation to [Defendant] Duckworth as a result of the proposed taking." (Am. Answer § II, ¶ (c).) In the Third Defense, Defendant Duckworth argues that "Plaintiffs claims are barred by the failure of adequate consideration." (Id. § III, Third Defense.) In the Fifth Defense, Defendant Duckworth contends that she "has not been offered or received fair market value for [her] interest in the land and the trees to be taken and consequential damages to land that adjoins the property proposed to be taken." (Id. § III, Fifth Defense.) "The issue of just and adequate compensation, however, is a matter to be resolved at trial, and is not a defense to the condemnation and taking." Easements & Rights-of-Way over a Total of 15.69 Acres of Land, 589 F.Supp.2d at 1362.[1] Objection (c) and the Third and Fifth Defenses thus fail as a matter of law,

---

1. "A hearing on the taking of private property for an intended public use is not essential to

and the Court grants the Motion for Judgment on the Pleadings as to those issues. The Court, however, recognizes that the issue of just compensation remains a matter for the finder of fact to determine.

### D. Objection (b)

 In Objection (b), Defendant Duckworth complains that "[t]he property to be taken by TVA has a substantial adverse effect on other property owned by [Defendant] Duckworth and other persons." (Am. Answer § II, ¶ (b).) Defendant Duckworth appears to have withdrawn her claim for compensation for non-contiguous properties that she owns jointly with her father. (Br. Resp. Mot. J. Pleadings at 3.) In any event, those claims would fail because loss of value in other property is not compensable unless there is complete unity in title to that other property. See United States v. Miller, 317 U.S. 369, 376, 63 S.Ct. 276, 87 L.Ed. 336 (1943) ("As respect other property of the owner consisting of separate tracts adjoining that affected by the taking, the Constitution has never been construed as requiring payment of consequential damages; and unless the legislature so provides, as it may, benefits are not assessed against such neighboring tracts for increase in their value." (footnotes omitted)); United States v. 87.30 Acres of Land, More or Less, 430 F.2d 1130, 1133–34 (9th Cir. 1970) (rejecting a claim for severance damages in connection with non-contiguous crop lands owned by the appellants' sons); United States ex rel. TVA v. Stewart, 429 F.Supp. 658, 660 (E.D. Tenn. 1976) ("The central issue is whether any two or all three of tracts #1–3 may be considered as one unit for the purposes of determining compensation, and this issue depends upon whether the requisite unity of title exists with respect to the tracts." (internal quotation marks and footnote omitted)). Just compensation in a condemnation action does not include compensation for adjoining parcels in which the defendant does not have complete unity of title. See Stewart, 429 F.Supp. at 660–61 ("In any condemnation, incidental injury may be caused to adjoining property owners which must be suffered without remedy. The rule that such adjoining parcels may be considered as a unit with that affected by the condemnation where there is common ownership is, however, not merely one of equity."). Objection (b) thus fails as a matter of law, and the Court grants the Motion for Judgment on the Pleadings as to that Objection.

## IV. Conclusion

ACCORDINGLY, the Court **GRANTS** the United States' Motion for Judgment on the Pleadings [23], finds that Defendant Duckworth's Objections (b), (c), and (d), and her Third, Fourth, and Fifth Defenses fail as a matter of law, and **DISMISSES WITH PREJUDICE** Defendant Duckworth's Objections (b), (c), and (d), and Third, Fourth, and Fifth Defenses, as well as any claims that Defendant Duckworth may make for compensation relating to the four non-contiguous parcels, Tax Map Parcels 33.108, 33.132, 33.134, and 33.142. The Court further finds that Defendant Duckworth has withdrawn all legal challenges to the taking in this action. Thus, the only issue remaining is just compensation.

IT IS SO ORDERED, this the 12th day of April, 2017.

---

due process under the Constitution, Fifth Amendment, Due Process Clause." United States ex rel. TVA v. Road Easement, 424 F.Supp. 567, 569 (E.D. Tenn. 1976). Instead, "[t]he landowners will have due process by the determination of how much they are to be compensated for the taking of their particular property and rights therein." Id.