# FOR PUBLICATION

ATTORNEY FOR APPELLANTS:

**RUDOLPH W. SAVICH**
Bloomington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Oct 11 2012, 8:30 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM A. BOYD and JANICE ANN BOYD, | ) | |
| | ) | |
| Appellants-Defendants, | ) | |
| | ) | |
| vs. | ) | No. 28A01-1203-PL-108 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE GREENE SUPERIOR COURT
The Honorable Dena A. Martin, Judge
Cause No. 28D01-1109-PL-125

**October 11, 2012**

**OPINION - FOR PUBLICATION**

**SHEPARD, Senior Judge**

William and Janice Boyd challenge the State's acquisition of their property for use in constructing Interstate 69 through southwest Indiana.

They contend that various federal environmental statutes applicable to federally-assisted projects have not been satisfied. Compliance with these environmental protections is reviewable during both administrative and judicial proceedings at various stages of a project. State and federal agencies and the courts have found I-69 in compliance at multiple steps along the way.

Because none of the Boyds' claims are justiciable in eminent domain proceedings, we affirm the taking.

FACTS AND PROCEDURAL HISTORY

In September 2011, the Indiana Department of Transportation ("the State") filed a complaint to appropriate for construction of I-69 certain portions of real estate in Greene County owned by the Boyds. The complaint noted that the State had offered the Boyds $51,700 for the land but that the parties had been unable to agree on a price.

The Boyds objected to the taking on grounds that: (1) the State violated various federal laws; (2) the State's offer to purchase was deficient; and (3) the State sought to acquire more property than necessary. The State moved to strike the objections, the Boyds opposed the motion, and the State replied.

The trial court struck the objections, condemned the property, and appointed appraisers to determine the amount of just compensation due the Boyds. The Boyds now appeal.

DISCUSSION AND DECISION

A. *The Environmental Questions.*

The taking of private property for public purposes like roads and schools has historically been treated, constitutionally speaking, as a matter consigned to legislative judgment.[1]

The courts are not to infringe upon the administrative act of determining the necessity or reasonableness of a taking. *Indianapolis Power & Light Co. v. Barnard*, 175 Ind. App. 308, 371 N.E.2d 408 (1978). Instead, judicial review is limited to whether the condemnation proceedings were legal, whether the condemnor had the authority to condemn the property, and whether the property was to be taken for a public purpose. *State ex rel. Ind. Dep't of Conservation v. Barber*, 246 Ind. 30, 200 N.E.2d 638 (1964).

Put another way, courts may inquire into the necessity of a taking only where the landowner produces evidence of bad faith, fraud, capriciousness, or illegality on the condemnor's part, *State v. Collom*, 720 N.E.2d 737 (Ind. Ct. App. 1999), such as "where an attempt is made to show that the property taken will not be used for a public purpose, or the proceeding is a subterfuge to convey the property to a private use," *Cemetery Co. v. Warren Sch. Twp. of Marion Cnty.*, 236 Ind. 171, 139 N.E.2d 538, 546 (1957).

The Boyds contend that their objections fall within this limited judicial arena, saying the State acted illegally and in bad faith by taking land for a highway project that does not adequately comply with the National Environmental Policy Act, the Department

---

[1] Randall T. Shepard, *Land Use Regulation in the Rehnquist Court: The Fifth Amendment and Judicial Intervention*, 38 Cath. U. L. Rev. 847, 853-57 (1989).

of Transportation Act, the Clean Air Act, and the Endangered Species Act. To specify but one of their claims, they argue that the State was required to prepare a supplemental environmental impact statement based on new information about the "appearance of White Nose Syndrom[e,] which poses a significant threat to the endangered Indiana Bat in or near the I-69 project." Appellants' Br. p. 22. Because the State has not acted in accord with these federal statutes, the Boyds' argument goes, the highway project is illegal and the trial court should not have condemned the property.

The Boyds' complaint that I-69 does not comply with federal environmental statutes, however, is not a question that may be litigated in connection with this condemnation proceeding, the purpose of which is solely to determine whether the State may appropriate the Boyds' property for the project. *See J.M. Foster Co. v. N. Ind. Pub. Serv. Co.*, 164 Ind. App. 72, 326 N.E.2d 584, 589 (1975) (determining that environmental impact report requirement of state law was "foreign to proceedings for condemnation"); *see also United States v. 0.95 Acres of Land*, 994 F.2d 696, 699 (9th Cir. 1993) ("NEPA cannot be used as a defense to the condemnation action."); *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975) ("The only question for judicial review in a condemnation proceeding is whether the purpose for which property was taken is for a Congressionally authorized public use.").[2]

This is hardly to say that such matters are never justiciable. The Congress has affirmed important environmental considerations in enacting statutes like NEPA and

---

[2] A different panel of this Court recently held the same with respect to other owners of property condemned for the I-69 project. *See Knott v. State*, 973 N.E.2d 1259, 1264-65 (Ind. Ct. App. 2012).

Section 4(f) of the DOT Act, which require the Secretary of Transportation to protect the natural and built environment in the course of carrying out the Department's mission. While the Secretary necessarily delegates these duties to other federal officers and state actors, the Secretary is necessarily responsible for assuring that these obligations have been faithfully executed for projects involving federal funds or some other major federal action. Such determinations have long been subject to challenge at the time they are made, against the appropriate officer, sometimes with very dramatic results. *See, e.g.*, *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 91 S. Ct. 814, 28 L. Ed. 2d 136 (1971).

Indeed, issues of this very sort regarding I-69 have been contested in federal litigation. *See Hoosier Envtl. Council v. U.S. Army Corps of Eng'rs*, No. 1:11-cv-0202-LJM-DML, 2012 WL 3028014 (S.D. Ind. July 24, 2012); *Citizens for Appropriate Rural Rds., Inc. v. LaHood*, No. 1:11-cv-1031-SEB-DML, 2012 WL 442747 (S.D. Ind. Feb. 10, 2012); *Hoosier Envtl. Council v. U.S. Dep't of Transp.*, No. 1:06-cv-1442-DFH-TAB, 2007 WL 4302642 (S.D. Ind. Dec. 10, 2007).

The Boyds' present challenge is really to the legality of the project, rather than to the legality of the taking. This state condemnation action is not a vehicle through which such claims may be litigated or relitigated.

*B. The Offer to Purchase.*

The Boyds also have a claim relating to the statutory requirement that a public condemnor must offer to purchase the property before it files a complaint for appropriation. Acknowledging that there was such an offer, they argue that the State's

5

offer to purchase was improperly delivered and did not include all of the real estate interests it later sought to appropriate. We need not address the delivery or scope of the offer because the threshold question is whether the State was actually required to prove that it made an offer.

To be sure, Indiana Code section 32-24-1-5(a) (2006) requires such an offer, but the Code also says that INDOT need not prove in a condemnation action that an offer was made. Ind. Code § 32-24-1-13(a) (2002). Examining these two provisions, the Supreme Court has concluded that they may work harmoniously: while INDOT is required to make an offer, it is not required to prove that it did so. *See Burd Mgmt., LLC v. State*, 831 N.E.2d 104, 109 (Ind. 2005).

The Boyds nonetheless argue that Section 13(a) means only that INDOT's failure to perform the condition precedent of making an offer to purchase must be raised by the landowner as an affirmative defense, rather than something INDOT must prove in every proceeding. Appellants' Br. p. 30. They cite no authority on this point, and we think this proposition cannot be inferred from Section 13(a), which states straightforwardly that INDOT "is not required to prove that an offer of purchase was made to the property owner in an action under this article." We conclude the Supreme Court settled this issue in *Burd Management*.

C. *The Extent of the Taking.*

Finally, the Boyds contend that the State condemned more property than necessary for the improvement project. Specifically, they argue that the area to be taken is over 400 feet in width even though the complaint states that "[t]he right of way will be about 200

6

feet wide, except where additional width will be required for construction." Appellants' App. pp. 24, 123. They also question the necessity of taking a 0.6 acre triangle of property that they say is outside the proposed right of way.

Courts may not substitute their judgment for that of the condemning authority regarding what is needed to accomplish its purpose. *See Collom*, 720 N.E.2d at 742 (reversing denial of appropriation where court second-guessed necessity of taking). The Boyds do not argue that the State fraudulently appropriated the land for a private purpose. Rather, they claim only that the State does not need the amount of land condemned for the I-69 project. This is not a proper subject for judicial review. *See Wampler v. Trs. of Ind. Univ.*, 241 Ind. 449, 172 N.E.2d 67, 70 (1961) (no defense in eminent domain proceedings that "a quantity of land less than that described in the complaint would suffice").

In support of their assertion that they are entitled to challenge the extent of the taking, the Boyds cite *Country Estates, Inc. v. Northern Indiana Public Service Co.*, 254 Ind. 108, 258 N.E.2d 54 (1970), in which the Supreme Court determined that fifty feet of the proposed taking was for a remote and speculative use. That case, however, involved condemnations by a public utility, which must have either a present immediate need or a fair and reasonable future need for the real estate it seeks to acquire. *See Ellis v. Pub. Serv. Co. of Ind., Inc.*, 168 Ind. App. 269, 342 N.E.2d 921 (1976). *Country Estates* is inapplicable here.

## CONCLUSION

None of the Boyds' claims are reviewable in eminent domain proceedings. We therefore affirm the trial court.

MATHIAS, J., and CRONE, J., concur.