Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 03 2013, 7:12 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RUDOLPH WM. SAVICH**
Bloomington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**DAVID L. STEINER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| THOMAS R. TOKARSKI and SANDRA W. TOKARSKI, <br><br> Appellant-Defendant, <br><br> vs. <br><br> STATE OF INDIANA, <br><br> Appellee-Plaintiff. | ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 53A01-1211-PL-498 |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Frances G. Hill, Judge
Cause No. 53C06-1203-PL-441

**July 3, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

The State of Indiana filed a complaint for eminent domain in Monroe Circuit Court seeking to condemn real property owned by Thomas and Sandra Tokarski ("the Tokarskis") for the purpose of constructing a portion of Interstate Highway 69 ("I-69") through Monroe County, Indiana. The Tokarskis objected to the complaint, and thereafter, the trial court struck their objections and issued an Order of Appropriation and Appointment of Appraisers. The Tokarskis appeal and raise two issues:

I. Whether, as a condition precedent to the condemnation proceedings, the State was required to make an offer to purchase the entirety of the real estate that the State appropriated; and,

II. Whether the State's condemnation of the Tokarskis' real estate is capricious, fraudulent, or illegal because it fails to comply with federal environmental laws and regulations

We affirm.

**Facts and Procedural History**

The Tokarskis own three adjacent parcels of real estate totaling 34.66 acres in Indian Creek Township, Monroe County, Indiana. On March 2, 2012, the State, on behalf of the Indiana Department of Transportation ("INDOT"), filed a complaint for appropriation of real estate to acquire a parcel of the Tokarskis' real estate for the purpose of constructing a portion of I-69.

In the complaint, the State described the appropriated real estate as "INDOT Parcel 35." Appellant's App. p. 27. Parcel 35 was specifically described in exhibit "A" attached to the complaint and a sketch illustrating Parcel 35 was attached as exhibit "B". The legal description of Parcel 35 refers to two parcels of land, one being 2.422 acres and the other being 2.381 acres. Id. at 31-32. Exhibit "B" illustrates the two parcels by

2

referring to them as Parcel 35 and Parcel 35A. Id. at 33. The State alleged in the complaint that it had offered the Tokarskis $22,500 for Parcel 35, but the offer had been rejected. Id. at 28.

The Tokarskis filed Objections to the Proceedings and argued 1) that the State's complaint should be dismissed because it failed to offer to purchase the entire parcel of real estate that the State sought to acquire; and 2) that the State's appropriation of the real estate is capricious, fraudulent, or illegal because it fails to comply with federal environmental laws and regulations. On the State's motion, the trial court struck the Tokarskis' objections, and shortly thereafter issued its Order of Appropriation and Appointment Appraisers from which the Tokarskis now appeal.

## I. The State's Offer to Purchase

"As a condition precedent to filing a complaint in condemnation," a condemnor must first make an offer to purchase the property. Ind. Code § 32-24-1-5 (2006). The State made an offer to purchase the Tokarskis' property, but the Tokarskis argue that the State's offer to purchase their property was not an offer for the entire parcel of real estate it later sought to appropriate. Therefore, the Tokarskis claim that because the State failed to satisfy a condition precedent to the initiation of eminent domain proceedings, the trial court was deprived of subject matter jurisdiction. Appellant's Br. at 29 (citing Ind. Trial Rule 9(C); Ind. & Mich. Elec. Co. v. Terre Haute Indus., Inc., 507 N.E.2d 588, 600 (Ind. Ct. App. 1987), trans. denied (stating that failure to perform a condition precedent is an affirmative defense)).

3

Although Indiana Code section 32-24-1-5 requires an offer to purchase, Indiana Code section 32-24-1-13(a) (2002) specifically exempts INDOT from proving that an offer to purchase was made. See Burd Management, LLC v. State, 831 N.E.2d 104, 109 (Ind. 2005) ("Though section [32-24-1-5] required INDOT to make a good-faith offer . . ., section [32-24-1-13] dictates that INDOT was not required to prove in subsequent condemnation litigation that it made such an offer."). In Boyd v. State, 976 N.E.2d 767, 770 (Ind. Ct. App. 2012), trans. denied, the landowners argued that INDOT failed to make an offer to purchase "all of the real estate interests" it later condemned. Attempting to circumvent our supreme court's holding in Burd, the landowners argued that section 32-24-1-13(a), "means only that INDOT's failure to perform the condition precedent of making an offer to purchase must be raised by the landowner as an affirmative defense, rather than something INDOT must prove in every proceeding." Our court rejected that argument and observed that this issue was settled in Burd. Boyd, 976 N.E.2d at 770.

The Tokarskis raise a slightly different variation of the same argument in this appeal. They claim that their "argument is not that INDOT's offer was not made in good faith. Rather, [they] argue that no effective offer was made at all with regard to the property identified as Parcel 35A." Appellant's Br. at 29 (stating that references to Parcel 35 are reasonably understood to mean only that parcel and not Parcel 35 and 35A). Whether the issue is raised as an objection to the condemnation proceedings or as an affirmative defense, and for the same reasons expressed in Burd and Boyd, we conclude that INDOT is not required to prove that it made an offer to purchase the property even

4

where the party alleges that the offer to purchase did not include all of the property at issue.

**II. Is the State's Appropriation of the Real Estate Capricious, Fraudulent, or Illegal?**

The State has inherent authority to take private property for public use. Sagarin v. City of Bloomington, 932 N.E.2d 739, 744 (Ind. Ct. App. 2010), trans. denied (citing Murray v. City of Lawrenceburg, 925 N.E.2d 728, 731 (Ind. 2010)). Eminent domain proceedings for the seizure of private property are powerful instruments of government. Id. (citing Derloshon v. City of Fort Wayne ex rel. Dep't of Redevelopment, 250 Ind. 163, 166, 234 N.E.2d 269, 271 (1968)). If the governmental entity plans to use the land for a public purpose that is constitutional, there are few defenses to prevent a taking. Id. And our courts will not infringe upon the administrative act of determining the necessity or reasonableness of the decision to appropriate and take land. Indianapolis Power & Light Co. v. Barnard, 175 Ind. App. 308, 312, 371 N.E.2d 408, 411 (1978). See also Boyd, 976 N.E.2d at 768-69 ("The taking of private property for public purposes like roads and schools has historically been treated, constitutionally speaking, as a matter consigned to legislative judgment.").

Like the trial court, we restrict our review to whether the condemnation proceedings were legal, whether the condemning authority had authority to condemn the property in question, and whether the property was to be taken for a public purpose. City of Evansville ex rel. Dep't of Redevelopment v. Reising, 547 N.E.2d 1106, 1111 (Ind. Ct. App. 1989), trans. denied; see also Ind. Code § 32-24-1-8. But we also have the power to

5

question whether the condemnation was fraudulent, capricious, or illegal. Reising, 547 N.E.2d at 1111. When we consider allegations of fraud or bad faith, we are limited to determining whether there was fraud, bad faith, capriciousness, or illegality as to the necessity of the taking, i.e., whether "the property taken will not be used for a public purpose, or the proceeding is a subterfuge to convey the property to a private use." Cemetery Co. v. Warren Sch. Twp. of Marion Cty., 236 Ind. 171, 188, 139 N.E.2d 538, 546 (Ind. 1957).

The Tokarskis argue that the order of appropriation is capricious, fraudulent, or illegal because INDOT has violated federal environmental laws and regulations in its planning and construction of I-69. Counsel for the Tokarskis has raised this argument unsuccessfully in two separate I-69 condemnation appeals.[1] In Knott v. State, 973 N.E.2d 1259, 1263 (Ind. Ct. App. 2012), trans. denied, our court explained:

> While the Knotts object to the acquisition of their property on the grounds that the State failed to comply with [National Environmental Policy Act], [Clean Air Act], and the Transportation Act, Indiana's eminent domain laws do not require the State to comply with these federal statutes prior to appropriating private property for a public purpose. "The issues in the objections stage of an eminent domain case are narrow and relate only to the questions related to the proposed acquisition of real estate."

(internal citations omitted). Further, our court observed that alleged violations of federal environmental statutes are "related to collateral issues concerning the I-69 Project" and do not concern the acquisition of property for construction or improvement of a state highway. Id. at 1264.

---

[1] Transfer proceedings were pending in those cases when the Tokarskis' brief was filed in this appeal.

In Boyd, the landowners again argued that the State's appropriation of their property was illegal and in bad faith because the I-69 highway project did not adequately comply with the same environmental laws and regulations at issue in Knott. 976 N.E.2d at 769. We observed that "the Boyds' complaint that I-69 does not comply with federal environmental statutes, . . . is not a question that may be litigated in connection with this condemnation proceeding, the purpose of which is solely to determine whether the State may appropriate the Boyds' property for the project." Id. (citing J.M. Foster Co. v. N. Ind. Pub. Serv. Co., 164 Ind.App. 72, 80, 326 N.E.2d 584, 589 (1975) (determining that an environmental impact report requirement of state law was "foreign to proceedings for condemnation")).

We agree with the Boyd panel that the Tokarskis "present challenge is really to the legality of the project, rather than to the legality of the taking. This state condemnation action is not a vehicle through which such claims may be litigated or relitigated."[2] See id. at 770. For this reason, the trial court properly struck the Tokarskis' objections to the proceedings.

## Conclusion

The Tokarskis have not raised claims that are subject to review in eminent domain proceedings. We therefore affirm the trial court's Order of Appropriation and Appointment of Appraisers.

---

[2] In both Knott and Boyd, our court noted that claims that the State's construction of I-69 is in violation of federal environmental statutes and regulations are justiciable controversies that are being appropriately litigated in federal courts. See 973 N.E.2d at 1265 n.1; 976 N.E.2d at 770.

Affirmed.

BAKER, J., and MAY, J., concur.