# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 12 2018, 8:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

David M. Austgen
Michael L. Muenich
Ryan A. Deutmeyer
AUSTGEN KUIPER JASAITIS P.C.
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Bonnie C. Coleman
Steven J. Scott
HODGES & DAVIS, P.C.
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Daniel Enterprises, L.P., et al., *Appellants-Defendants,* | December 12, 2018 |
| v. | Court of Appeals Case No. 18A-PL-1594 |
| | Appeal from the Porter Superior Court |
| City of Portage, Indiana, *Appellee-Plaintiff.* | The Honorable Jeffrey W. Clymer, Special Judge |
| | Trial Court Cause No. 64D05-1711-PL-10862 |

**Bailey, Judge.**

# Case Summary

Daniel Enterprises, L.P. ("Daniel") appeals an order of condemnation in favor of the City of Portage, Indiana ("the City") appropriating footage (0.287 acres) from a parcel of commercial property ("the Property") owned by Daniel and leased by Heartland Midwest, LLC ("Heartland").[1] Daniel presents a sole, consolidated issue: whether the trial court clearly erred in overruling Daniel's objections to the appropriation. We affirm.

# Facts and Procedural History

In 2017, the City was engaged in a road improvement project involving Willowcreek Road. The Property is located on Willowcreek Road; the improvements include a commercial building from which a fast food restaurant is operated.

On November 16, 2017, the City filed a condemnation complaint against Daniel, the owner of the property. The City also named Heartland, who had recorded on April 2, 2012 a memorandum of lease in the office of the Recorder of Porter County. Daniel entered an appearance and filed objections,

---

[1] Heartland, although a named defendant, has not entered an appearance in the case below or on appeal and is thus not an active party on appeal. Purportedly, Heartland sublet the property to Tri City Foods of Indiana, Inc., ("Tri City") who was not a named defendant and has not been joined as a party.

contending a lack of statutory compliance on the part of the City. Heartland did not appear.

[4] On May 9, 2018, the trial court conducted a hearing and heard testimony from a single witness, Nancy Hermann ("Hermann"), an agent for an acquisition firm employed by the City. Daniel did not present testimonial or documentary evidence but argued that the appropriation order should not be granted because the City had failed to negotiate with the real party in interest, sub-lessee Tri City.

[5] On June 8, 2018, the trial court entered an Order of Condemnation and for Appointment of Appraisers. In so doing, the court overruled the objections filed by Daniel and appointed three appraisers to assess the damages. Daniel now appeals.

# Discussion and Decision

[6] The State has inherent authority to take private property for public use. *Sagarin v. City of Bloomington*, 932 N.E.2d 739, 744 (Ind. Ct. App. 2010), *trans. denied*. "The taking of private property for public purposes like roads and schools has historically been treated, constitutionally speaking, as a matter consigned to legislative judgment." *Boyd v. State*, 976 N.E.2d 767, 768 (Ind. Ct. App. 2012) (citing Randall T. Shepard, *Land Use Regulation in the Rehnquist Court: The Fifth Amendment and Judicial Intervention*, 38 Cath. U. L. Rev. 847, 853-57 (1989)). The courts are not to infringe upon an administrative act of determining the

necessity or reasonableness of a taking; rather, judicial review is limited to whether the condemnation proceedings were legal, whether the condemner had the authority to condemn the property, and whether the property was to be taken for a public purpose. *Id.* at 769.

[7] Article 1, Section 21 of the Indiana Constitution, otherwise known as Indiana's eminent domain provision, provides, "No person's property shall be taken by law, without just compensation; nor, except in the case of the State, without such compensation first assessed and tendered." Eminent domain proceedings are governed by Indiana Code chapter 32-24-1 and take place in two separate phases: (1) the initial or summary phase, and (2) a phase for determination of damages. *State v. Dunn*, 888 N.E.2d 858, 861 (Ind. Ct. App. 2008), *trans. denied, cert. denied*, 558 U.S. 823 (2009).

[8] Pursuant to Indiana Code section 32-24-1-8(a), a defendant may file objections during the initial phase of the proceedings, on grounds that the court does not have jurisdiction, the plaintiff does not have the right to exercise the power of eminent domain for the use sought, or "for any other reason disclosed in the complaint or set up in the objections." "After a consideration of the legality of the action and any objections which may have been filed, the trial court concludes this phase of the proceedings by entering an order of appropriation and appointing appraisers to assess the damages." *State ex rel. Bd. of Aviation Comm'rs of City of Warsaw v. Kosciusko Cty. Super. Ct.*, 430 N.E.2d 754, 755 (Ind. 1982).

[9] Daniel's objections concerned the City's alleged non-compliance with Indiana Code Sections 32-24-1-3 and -5. Indiana Code Section 32-24-1-3(b) requires that the condemner must first "make an effort to purchase for the use intended the land, right-of-way, easement, or other interest, in the property." The effort must include (1) establishing a proposed purchase price, (2) providing the owner with an appraisal or other evidence used to establish the proposed purchase price, and (3) conducting good faith negotiations with the owner of the property. An "owner" is defined as "the persons listed on the tax assessment rolls as being responsible for the payment of real estate taxes imposed on the property and the persons in whose name title to real estate is shown in the records of the recorder of the county in which the real estate is located." Ind. Code § 32-24-1-2. "As a condition precedent to filing a complaint in condemnation," a condemner must, at least thirty days before filing a complaint, make an offer to purchase the property to (1) the owner of the property sought to be acquired; or (2) the owner's designated representative. I. C. § 32-24-1-5.

[10] At the hearing, Hermann testified on behalf of the City. She described the area sought to be condemned as grass and a portion of the concrete apron. The drive, parking spaces, and building were not directly affected. However, the traffic pattern would be changed such that patrons could only access the premises with a right-hand turn. Hermann testified that the City had commissioned an appraisal and had made an acquisition offer of $42,300.00 to Daniel. A return receipt indicated that the offer had been received. No offer

had been made to either Heartland or Tri City. Daniel presented no evidence, but its counsel argued that the City should have dealt with the leaseholder. According to counsel, Tri City "took over" at some point, he was "not positive how," and Tri City was "not here" to represent its own interests. (Tr. at 9.) Daniel conceded that any transfer of leasehold interest from Heartland to Tri City was not recorded.

[11] On appeal, Daniel concedes that the City performed the statutory condition precedent of making an offer to purchase to the owner of the Property. However, Daniel insists that a parallel offer must have been made to the current leaseholder. Apart from the lack of evidence to establish that Tri City is indeed a leaseholder, Daniel cites no authority for the proposition that a public entity seeking condemnation of property must negotiate with any party other than the owner. In its reply brief, Daniel attempts to present a public policy argument that leaseholders should be elevated to the status of owners during negotiations. Nonetheless, the public policy of this State regarding eminent domain proceedings is specifically embodied in the statutory scheme. The record is devoid of any basis, factual or legal, upon which the trial court was obliged to grant the objections from Daniel.

# Conclusion

[12] Daniel has identified no illegality in the proceedings. The trial court properly overruled Daniel's objections to the City's condemnation action.

Affirmed.

Bradford, J., and Brown, J., concur.