

FILED

Jan 21 2021, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Benjamin A. Spandau
Brandon E. Tate
Tate Bowen Daugherty Funk Spandau
LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Natalie F. Weiss
Benjamin M.L. Jones
Aaron T. Craft
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Herbert C. Haggard and Alice M. Haggard, *Appellants-Defendants,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff,* <br><br> and <br><br> Jerry L. Hillenburg and Morgan County, Indiana, *Defendants.* | January 21, 2021 <br><br> Court of Appeals Case No. 20A-PL-1502 <br><br> Appeal from the Morgan Circuit Court <br><br> The Honorable Matthew G. Hanson, Judge <br><br> Trial Court Cause No. 55C01-2002-PL-354 |

**Kirsch, Judge.**

[1] This case concerns the State of Indiana's, through the Indiana Department of Transportation ("INDOT"), appropriation of property as part of the ongoing improvement of Interstate 69 ("I-69") through Morgan County, Indiana. The State filed a complaint for appropriation of real estate owned by Jerry Hillenburg and named Herbert C. Haggard and Alice M. Haggard ("the Haggards") as defendants as to any interest they may have in the land as a consequence of their easement over the property. The Haggards filed objections to the State's complaint because they had not received an offer to purchase their easement prior to the State filing its complaint and moved the trial court to vacate the order of appropriation. The Haggards appeal from the trial court's order overruling their objections and their motion to vacate the order of appropriation and raise the following restated issue: whether the trial court erred when it overruled the Haggards' objections to the State's complaint and motion to vacate the order of appropriation.

[2] We affirm.

## Facts and Procedural History

[3] On February 21, 2020, the State filed its Complaint for Appropriation of Real Estate with the trial court for the improvement of I-69 under project number 0300382. *Appellants' App. Vol. II* at 15-16. In order to complete the improvement of I-69, the State needed to obtain a fee simple title with full limitation of access, easement rights with full limitation of access, and temporary right of way for building removal (to expire three years after commencement of construction) to real estate owned by Jerry L. Hillenburg

("Hillenburg"). *Id.* Hillenburg owned the land by virtue of a Warranty Deed and Reservation of Easement ("the Deed") recorded on May 20, 1981 in the Morgan County Recorder's Office. *Id.* at 15-16, 23-25. The State's complaint acknowledged that the Haggards may hold an interest in the real estate by virtue of an easement in the Deed recorded on May 20, 1981. *Id.* at 16. The State alleged that it had attempted to acquire the owners' interest in the real property for $310,000 for the owners' interests and any damages that may be caused by the State's appropriation but that the State and the owners had been "unable to agree to a purchase price or to the amount of benefits and damages, if any, which may be sustained by reason of this appropriation." *Id.* at 16. The State therefore requested that the trial court: (1) "appoint three . . . disinterested parties to appraise the value of the interests to be appropriated and the amount of benefits and damages, if any, caused by the appropriation"; and (2) "order the disinterested parties to join in making one . . . written report" to the trial court. *Id.* at 16. The Haggards were served with the complaint on February 28, 2020. *Id.* at 6.

[4]  On March 18, 2020, the Indiana Supreme Court issued its order under Supreme Court Case No. 20S-CB-150 granting the Morgan County Courts' petition for emergency relief due to COVID-19 (the "March 18 Order"). Due to the national emergency caused by the COVID-19 pandemic, the March 18 Order, utilizing Indiana Administrative Rule 17, authorized the tolling, from the effective date of the order through April 10, 2020, "of all laws, rules, and procedures setting time limits for speedy trials in criminal and juvenile

proceedings, public health, mental health, and appellate matters; all judgments, support, and other orders; and in all other civil and criminal matters before the Morgan County Courts." *Id*. at 51. The March 18 Order was extended through subsequent orders by the Indiana Supreme Court with the provisions of the Administrative Rule 17 emergency plan and orders to terminate on July 6, 2020. *Id*. at 53-60.

[5] On April 14, 2020, the State filed a motion for appropriation and appointment of appraisers. *Id*. at 31-33. On the same day, the trial court granted the State's motion and ordered the appointment of one disinterested freeholder of Morgan County and two disinterested appraisers. *Id*. at 39-40. On May 8, 2020, the appraisers filed their report, in which they assessed that the fair market value of the land was $42,650, the fair market value of the improvements to the land was $20,600, and the damages to the residue of the defendants' real estate caused by the State's appropriation was $270,750. *Appellee's App. Vol. 2* at 2-4. The total appraised just compensation was $334,000. *Id*.

[6] On May 14, 2020, the State filed exceptions to the report of the appraisers and a demand for jury trial, arguing that the appraisers' report overstated the fair market value of the land, the fair market value of the improvements taken by the State, and the damages to the residue of the defendants' real estate caused by the State's appropriation. *Id*. at 8-9. Based on this, the State argued that the appraisers' report overstated the total amount of just compensation. *Id*. On June 5, 2020, the Haggards also filed exceptions to the report of the appraisers

and demand for jury trial, alleging that the amount of assessed damages was too low. *Id*. at 10-12.

[7] On July 2, 2020, the Haggards filed a motion to vacate the trial court's order of appropriation, and they submitted their objections to the State's complaint for appropriation. *Appellants' App. Vol. II* at 47-66. In their motion to vacate, the Haggards argued that the appropriation order should be vacated because the State failed to make the Haggards an offer to purchase prior to the State filing its complaint. *Id*. at 49. The Haggards argued that their objections were timely filed because various COVID-19-related orders tolled all deadlines until July 5, 2020. *Id*. at 48. In their objections to the State's complaint, the Haggards alleged that under Indiana Code section 32-24-1-5(a), the State was required to make them an offer to purchase the property at least thirty days before filing a complaint. *Id*. at 62-63. The Haggards contended that the State failed to do so and provided as evidence an email where counsel for the State admitted that no pre-suit offers were made to the Haggards because "the billboard matter was offered to Outfront Media LLC for the physical sign and the other offer was made to the fee owner, Jerry Hillenburg." *Id*. at 61-64, 66.

[8] On July 15, 2020, the State filed a motion to overrule the Haggards' objections and their motion to vacate the order of appropriation, arguing that the Haggards' objections were legally deficient because: (1) INDOT is exempt from having to prove that it made a good-faith effort to purchase real estate pursuant to Indiana Code section 32-24-1-13; and (2) generally, a condemnor only has to make an offer to the owner of the real estate, and the Haggards did

not meet the definition of owners of the real estate at issue; the State further argued that the March 18 Order did not apply to objections so the Haggards' objections were untimely. *Id*. at 67-71. On the same date, the Haggards filed a notice of intent to respond and requested a hearing. *Id*. at 74. On July 25, 2020, the Haggards filed their response to the State's motion and reply in support of their motion to vacate the order of appropriation and their objections to the State's complaint for appropriation. *Id*. at 76-86. The Haggards argued that the Indiana Supreme Court's June 8 order extended the March 18 Order so that tolling continued until July 5, 2020 and because they filed their objections on July 2, 2020, the objections were timely. *Id*. at 78-80. The Haggards further contended that they were in fact owners because they had a reserved right in the real estate, which was recorded by the Deed. *Id*. at 81. The Haggards asserted that because the State failed to make an offer to purchase the Haggards' reserved right in the real estate prior to filing its complaint, the condemnation action was illegal, and the trial court did not have subject matter jurisdiction. *Id*. at 81-85. On July 31, 2020, the trial court overruled the Haggards' objections and motion to vacate the order of appropriation. *Id*. at 11. The Haggards now appeal.

## Discussion and Decision

[9] The State has inherent authority to take private property for public use. *Knott v. State*, 973 N.E.2d 1259, 1262 (Ind. Ct. App. 2012), *trans. denied*. Eminent domain proceedings for seizing private property are powerful instruments of government. *Id.* (citing *Sagarin v. City of Bloomington*, 932 N.E.2d 739, 744 (Ind.

Ct. App. 2010), *trans. denied*, *cert. denied*, 565 U.S. 826 (2011)). "As long as the governmental entity intends to use the land for a public purpose that is constitutional, there are few defenses to prevent a taking." *Id.* Such powers and rights, however, are not unlimited. *Id.*

[10] Judicial review of an eminent domain action is "limited to whether the condemnation proceedings were legal, whether the condemnor had the authority to condemn the property, and whether the property was to be taken for a public purpose." *Boyd v. State*, 976 N.E.2d 767, 769 (Ind. Ct. App. 2012), *trans. denied*. Additionally, courts have the power to question whether the condemnation was fraudulent, capricious, or illegal. *Knott*, 973 N.E.2d at 1262 (citing *City of Evansville ex rel. Dep't of Redevelopment v. Reising,* 547 N.E.2d 1106, 1111 (Ind. Ct. App. 1989), *trans. denied*; *State ex rel. Ind. Dep't of Conservation v. Barber,* 246 Ind. 30, 36, 200 N.E.2d 638, 640 (1964)).

[11] The Haggards argue that the trial court erred in overruling their objections to the State's complaint for appropriation and for overruling their motion to vacate the order of appropriation. Specifically, they assert that they had good cause for their objections because they claimed that the State had failed to satisfy statutory conditions precedent to filing its complaint for appropriation. The Haggards claim that they are owners who were entitled to a good faith offer prior to a lawsuit being filed pursuant to both Indiana Code section 32-24-1-3 and Indiana Code section 32-24-1-5. The Haggards also contend that the trial court erred in overruling their objections and their motion to vacate the order of appropriation issued on April 14, 2020 because their objections were

timely filed. They argue that the March 18 Order and subsequent extensions of that order had tolled all deadlines, as well as judgments and other orders, in all civil and criminal matters until July 5, 2020, and therefore, their objections were timely filed on July 2, 2020.

[12] The procedure for the exercise of eminent domain is set out in Indiana Code chapter 32-24-1. Initially, a person who seeks to exercise the power of eminent domain for public use, the condemnor, must conduct good faith negotiations with the owner of the property and make an effort to purchase the property for the use intended. Ind. Code § 32-24-1-3(b)(2), (c)(3). If the condemnor does not agree with the owner concerning the damages sustained by the owner, the condemnor may file a complaint for the purpose of acquiring the property with the clerk of the circuit court of the county where the property is located. Ind. Code § 32-24-1-4(a).[1] "As a condition precedent to filing a complaint in condemnation, . . . a condemnor . . . must, at least thirty (30) days before filing a complaint, make an offer to purchase the property[,] . . .[which] must be served . . . upon . . . the owner of the property sought to be acquired . . . ." Ind. Code § 32-24-1-5(a). For purposes of section 32-24-1-5, owner means "the persons listed on the tax assessment rolls as being responsible for the payment of real estate taxes imposed on the property" and "the persons in whose name

---

[1] In addition to the names of the owners of the property, the complaint must state as defendants the names of all claimants to, and holders of liens on the property, if known, or a statement that they are unknown. Ind. Code § 32-24-1-4(b)(2).

title to real estate is shown in the records of the recorder of the county in which the real estate is located." Ind. Code § 32-24-1-2.

[13] When the complaint is filed, a notice is issued and served on the defendants requesting their appearance at a stated time to show cause, if any, why the land should not be appropriated. Ind. Code § 32-24-1-6(a). A defendant may object to the proceedings: (1) because the court does not have jurisdiction either of the subject matter or of the person; (2) because the plaintiff does not have the right to exercise the power of eminent domain for the use sought; or (3) for any other reason disclosed in the complaint or set up in the objections. Ind. Code 32-24-1-8(a). Such objections must be filed no later than thirty days after the date the notice to appear is served on the owner. Ind. Code § 32- 24-1-8(b)(3). If the objections filed are overruled, an order of appropriation is entered and appraisers are appointed and ordered to file their report determining the fair market value of each parcel of property sought to be acquired and the value of each separate estate or interest in the property, the fair market value of all improvements pertaining to the property, the damages, if any, to the residue of the property of the owner resulting from the appropriation, and any other damages that will result to any persons from the construction of the improvements in the manner proposed by the plaintiff. Ind. Code § 32-24-1-8(e); Ind. Code § 32-24-1-9(c). No later than forty-five days after the report of the appraisal is mailed to the parties, any party aggrieved by the assessment of benefits or damages in the report may file exceptions to the appraisal. Ind. Code § 32-24-1-11(a), (b).

[14]    Here, the State sought to obtain a fee simple title with full limitation of access, easement rights with full limitation of access, and temporary right of way for building removal, with an expiration three years after commencement of construction, to real estate owned by Hillenburg as part of the improvement project of I-69. On February 21, 2020, the State filed its Complaint for Appropriation of Real Estate with the trial court seeking to appropriate the property. *Appellants' App. Vol. II* at 15-16. The Haggards assert that the State was required to make them an offer prior to filing the complaint. Under Indiana Code section 32-24-1-5(a), as a condition precedent to filing a condemnation action, the State was required to make an offer to purchase the to the owner of the property at issue. However, for purposes of that statute, "owner" is defined as only "the persons listed on the tax assessment rolls as being responsible for the payment of real estate taxes imposed on the property" and "the persons in whose name title to real estate is shown in the records of the recorder of the county in which the real estate is located." Ind. Code § 32-24-1-2. Under these statutes, the Haggards are not owners of the land at issue because they are not listed on the tax assessment rolls, and they are not persons in whose name title in the property is shown in the recorder's records. Their name appears on the deed as easement holders, an easement for ingress/egress and to erect /maintain a billboard. Under Indiana law, an easement is merely a right to use the land of another. *Harlan Bakeries, Inc. v. Muncy*, 835 N.E.2d 1018, 1033 (Ind. Ct. App. 2005).

[15]     The State was not required to provide a pre-complaint offer to the Haggards because they do not have title to the real estate the State is seeking to condemn. As holders to an easement interest in the property, the Haggards are appropriate defendants to the State's condemnation suit for determination of any just compensation they are due for their interest in the easement. Ind. Code § 32-24-1-4. However, an interest in property alone is not ownership of the real estate entitled to an offer as a condition precedent to the State's condemnation suit. *See* Ind. Code § 34-24-1-2; Ind. Code § 34-24-1-3 (requiring the condemnor to make a good faith effort to purchase the property from the owner of the property). The owner of the property that the State seeks to condemn, who was entitled to an offer to purchase as a precondition to the filing of a complaint, was Hillenburg because he holds title to the property at issue, is listed on the tax assessment rolls as being responsible for the payment of real estate taxes imposed on the property, and is the person in whose name title to real estate is shown in the records of the recorder of the county in which the real estate is located. Ind. Code § 32- 24-1-2.

[16]     When the Haggards conveyed the real estate to Hillenburg in 1981 by warranty deed, the Haggards reserved only an easement on a portion of the property for the purpose of maintaining a billboard. *Appellant's App. Vol. II* at 23-25. Although an easement is an interest in property, as previously stated, it "is merely the right to use the land of another." *Harlan Bakeries, Inc.*, 835 N.E.2d at 1033. It is not ownership of the underlying land, and one may not simultaneously hold title to and an easement in the same piece of property.

*Collins v. Metro Real Estate Servs. LLC*, 72 N.E.3d 1007, 1014 (Ind. Ct. App. 2017). Thus, the Haggards are not landowners with title to the property sought to be condemned and were not entitled to a pre-complaint offer to purchase their easement.

[17] The Haggards assert that Indiana Code section 32-24-1-3 provides an alternative basis upon which they were entitled to receive an offer to purchase, prior to the State's filing of its complaint. However, that provision does not require the State to make them an offer to purchase either. Instead, it requires a person who seeks to exercise the power of eminent domain for public use to conduct good faith negotiations with the owner of the property and to make an effort to purchase "for the use intended the land, right-of-way, easement, or other interest, in the property." Ind. Code § 32-24-1-3(b)(2), (c)(3). As previously concluded, the Haggards' easement is not ownership of the land and is merely the right to use the land of another. *Harlan Bakeries, Inc.*, 835 N.E.2d at 1033. Therefore, the owner of the property from whom the State is seeking to purchase is Hillenburg, who holds fee simple title in the land. We, therefore, conclude that the Haggards were not entitled to receive a good faith offer to purchase the land before the State filed its complaint to condemn it. The trial court did not err in overruling the Haggards' objections and their motion to vacate the order of appropriation.

[18] As to the Haggards' contention that the trial court erred in overruling their objections and their motion to vacate the order of appropriation issued on April 14, 2020 because their objections were timely filed as the March 18 Order and

subsequent extensions tolled all deadlines, as well as judgments and other orders, in all civil and criminal matters until July 5, 2020, we do not find any error. The trial court did not deny their objections because they were not timely filed. The order stated that the trial court "finds the Defendant's Objections to Plaintiff's Complaint and Motion to Vacate are insufficient as a matter of law without the necessity of conducting a hearing." *Appellants' App. Vol. II* at 11. Although the Haggards allege that the trial court overruled their objections and motion to vacate the appropriation at least partly due to untimeliness, the trial court's order does not reflect that, and as we have determined above, their objections had no merit. Further, the Haggards have not shown how they were prejudiced because they were allowed to file their objections on July 6, 2020, to which the State filed a motion to overrule and the Haggards filed a response to, and the trial court, thereafter, reviewed such objections and denied them in the order from which the Haggards now appeal. We do not find that the trial court erred in overruling the Haggards' objections and motion to vacate the order of appropriation.

[19]     Affirmed.

Bradford, C.J., and May, J., concur.